IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-03071-01-CR-S-MDH |
| | ) |
| JOSEPH CRUSE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Joseph Cruse's Motion to Dismiss Indictment. (Doc. 21). The matter has been fully briefed, the Magistrate Judge prepared a Report and Recommendation (Doc. 24), and Defendant filed exceptions to the Report. (Doc. 25). For the reasons set forth herein, the Report and Recommendation is hereby adopted and the Motion is **DENIED**.

## BACKGROUND

On June 1, 2020, Mr. Cruse was arrested in Webster County, Missouri, for several criminal offenses, including being a felon in possession of a firearm. (Doc. 21 at 2; *see* Doc. 22 at 2). Approximately six months later, on December 7, 2020, Mr. Cruse pled guilty to unlawfully possessing a firearm. (*Id.*). The Circuit Court of Webster County, Missouri accepted Mr. Cruse's guilty plea and sentenced him, in relevant part, to ten years' imprisonment, which was suspended, and placed him on supervised probation for five years. (*Id.*).

On June 22, 2021, a federal grand jury charged Mr. Cruse in a single-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). The charge arises from Mr. Cruse's alleged possession of a firearm on or about June 1, 2020, in Webster County, Missouri. (*See id.*).

1

**DISCUSSION**

In the Motion to Dismiss, Mr. Cruse seeks to dismiss the federal Indictment pending against him for two reasons. First, he alleges a due process violation based on the approximately one year between when his conduct occurred and when the grand jury returned the Indictment, stating that he can no longer raise a defense to the federal charge because of statements he made under oath in his state court proceedings. Second, he argues that the instant federal prosecution of the same conduct that formed the basis of his state charges is a violation of the Double Jeopardy clause.

**A. No Due Process violation exists from the pre-indictment delay**

To state a due process violation, Mr. Cruse "must establish the delay resulted in actual and substantial prejudice to the presentation of the defense and the government intentionally delayed [the] indictment either to gain a tactical advantage or to harass him." *United States v. Gladney*, 474 F.3d 1027, 1030 (8th Cir. 2007) (citing *United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006)). "The court will inquire into the reasons for delay *only* where actual prejudice has been established." *Id.* at 1030-31 (citing *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000)) (emphasis in original). "To establish actual prejudice, a defendant must identify witnesses or documents lost during the delay period." *Id.* at 1031 (citation omitted). A defendant cannot establish "actual prejudice" with "speculative or conclusory claims of possible prejudice as a result of the passage of time." *Id.* (citation omitted). "The defendant carries the burden to show the lost testimony or information is not available through other means." *Id.* (citation omitted).

In the instant case, Mr. Cruse alleges that the approximately one-year delay between his conduct and the grand jury's return of the Indictment against him caused him to suffer "actual and substantial irreparable prejudice to the presentation of" his defense. (Doc. 21 at 4). Specifically,

during that time he pled guilty in state court to unlawfully possessing the firearm. Therefore, he alleges that he does not have "any meritorious defense at trial, it has also hindered § 3553(a) factors that may have been in his favor at sentencing, and automatically increased his [United States Sentencing Guidelines] calculation." (*Id.*). He asserts that these reasons are "foregone conclusions" and that "there is no rehabilitation of the case" because he "has already made inculpatory statements on the record in a judicial hearing[] and those statements can be presented to this Court as fact." (*Id.*).

The type of harm Mr. Cruse identified is not the type of harm envisioned by the Eighth Circuit's due process precedent. Specifically, the Eighth Circuit requires that, in order to show a due process violation, the defendant must show "actual and substantial prejudice," and that to show such prejudice, "a defendant must identify witnesses or documents lost during the delay period." *See Gladney*, 474 F.3d at 1030-1031. Mr. Cruse identified neither a witness nor a document that has been lost because of the delay at issue here. Therefore, there is no actual prejudice. *Id.*; *see United States v. Perales*, 838 F. Supp. 196, 199 (M.D. Pa. 1992) (considering a similar argument where the defendant pleaded guilty to a state crime during the time between his conduct and the grand jury returning an indictment against him and concluding that although it "weakens [the defendant's] defense to such charges, that is not the type or degree of prejudice contemplated by the courts where pre-indictment delay is concerned." (citation omitted)).

Mr. Cruse contends that because he brings a "novel argument", previous case law by the Eighth Circuit that is factually and legally dissimilar does not have the precedential power that the Government would suggest. The Court, however, agrees with the Magistrate Judge that Mr. Cruse does not present an argument that the Eighth Circuit recognizes as a situation in which there is "actual and substantial prejudice." Therefore, the argument fails.

## B. The instant federal prosecution is not a double jeopardy violation

As to his second argument, that his federal prosecution is a violation of his right against double jeopardy, Mr. Cruse concedes that his argument is foreclosed by precedent from the Supreme Court of the United States.

The Fifth Amendment of the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has recognized that "[t]he language of the Clause . . . protects individuals from being twice put in jeopardy 'for the same *offence*,' not for the same *conduct* or *actions*." *Gamble v. United States*, 139 S. Ct. 1960, 1965 (2019) (quoting *Grady v. Corbin*, 495 U.S. 508, 529 (1990)). Under the dual-sovereignty doctrine, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen." *Id.* at 1964. In recently upholding the dual-sovereignty doctrine, the Supreme Court recognized that the doctrine has been upheld for over 170 years and that it "honors the substantive differences between the interests that two sovereigns can have in punishing the same act." *Id.* at 1964, 1966.

Mr. Cruse pled guilty in the Circuit Court of Webster County, Missouri for conduct related to his possession of a firearm on June 1, 2020. That same conduct forms the basis of the federal indictment currently pending against him. (*See* Doc. 1). The State of Missouri and the United States of America are separate sovereigns. Under the dual sovereignty doctrine, which is well established in Supreme Court precedent, the instant federal prosecution is not a violation of Mr. Cruse's right against double jeopardy. *See generally Gamble*, 139 S. Ct. 1960.

4

Mr. Cruse attests that he understands and admits that the current state of the law is that the government's actions do not arise to a double jeopardy claim. However, Mr. Cruse wishes to preserve the argument for possible appeal.

## CONCLUSION

For the foregoing reasons, the Court hereby adopts the Report and Recommendation (Doc. 24) and the Motion to Dismiss (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 8, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**